Filed 7/18/25  P. v. Phillips CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. NATHAN PHILLIPS, Defendant and Appellant. | B337621 (Los Angeles County Super. Ct. No. LA019645) |

APPEAL from an order of the Superior Court of Los Angeles County. Richard H. Kirschner, Judge. Reversed with directions.

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Nathan Phillips appeals an order denying a resentencing hearing after the Department of Corrections and Rehabilitation (CDCR) identified him as a person serving an invalid sentence. (Pen. Code,[1] § 1172.75.) The superior court struck a one-year prior prison term enhancement—previously imposed under section 667.5, former subdivision (b) and stayed—but rejected appellant's request to conduct a full resentencing. Based on the recently issued *People v. Rhodius* (June 26, 2025, S283169) ___Cal.5th___ [2025 Cal. Lexis 3531] (*Rhodius*), we conclude that appellant is entitled to a hearing at which he is resentenced under section 1172.75.

Appellant further notes that his current abstract of judgment is erroneous in that it contains reference to a previously reversed conviction for possession of a deadly weapon (former § 12020, subd. (a)), and respondent concedes this point. Upon remand, the abstract of judgment is to be corrected.

## PROCEDURAL BACKGROUND

In 1995, a jury convicted appellant of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 1), two counts of receiving stolen property (§ 496, subd. (a); counts 2 & 4), possession of a deadly weapon (§ 12020, subd. (a)[2]; count 5), and first-degree burglary (§ 459; count 8). Allegations that appellant had suffered two

---

[1] Undesignated statutory references are to the Penal Code.

[2] "[F]ormer section 12020 (Stats. 2008, ch. 699, § 18, p. 4834), prohibiting possession of a wide variety of weapons, was repealed and recodified in a nonsubstantive reorganization which divided former section 12020 into new numbered sections. (Stats. 2010, ch. 711, § 4, operative Jan. 1, 2012; see §§ 16000 [Deadly Weapons Recodification Act of 2010], 16005 ['Nothing in the Deadly Weapons Recodification Act of 2010 is intended to substantively change the law relating to deadly weapons'].)" (*People v. Brown* (2014) 227 Cal.App.4th 451, 454, fn. 1.) The parties to this appeal continue to refer to former section 12020 and, for clarity, we also refer to former section 12020 in this opinion.

prior serious felony convictions (§ 667, subd. (a)) constituting "strikes" (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) were found true, as was an allegation that he had served one prior prison term (§ 667.5, subd. (b)). The trial court sentenced appellant to 135 years to life in state prison, consisting of 25 years to life on count 1, plus five years each for both section 667, subdivision (a)(1) enhancements, and consecutive terms of 25 years to life for each of the remaining counts. The court imposed and stayed the prior prison term enhancement.

In 1997, this division reversed the conviction for possession of a deadly weapon and remanded the matter to the trial court to exercise its discretion to dismiss appellant's strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). (*People v. Phillips* (Apr. 17, 1997, B095163) [nonpub. opn.].) The judgment was affirmed in all other respects. Although the body of the opinion was clear that only the single count for possession of a deadly weapon was reversed, the disposition erroneously identified the charge as "count 4" rather than count 5.

Upon remand, in August 1997, the trial court denied appellant's *Romero* motion, but modified the total sentence by running each remaining subordinate count concurrently, leaving appellant with a 35 year to life sentence, which included the two five-year prior serious felony enhancements.[3] In doing so, however, and apparently confused by the appellate disposition, the trial court purported to "reverse" count 4, which was for receiving stolen property, rather than count 5, for possession of a deadly weapon. This change was reflected in the abstract of judgment issued in September 1997, in which counts 2, 5, and 8 (and not 4) were run concurrently to count 1.

---

[3] In a second appeal, appellant challenged the denial of his *Romero* motion. This division affirmed the judgment in *People v. Phillips* (Sept. 3, 1998, B117213) (nonpub. opn.).

In 2022, the CDCR notified the superior court that appellant's sentence contained a section 667.5, subdivision (b) enhancement rendered invalid under section 1172.75. After initially declining to modify appellant's sentence, the superior court set aside its initial ruling and ordered defense counsel to file a motion for recall and resentencing. Appellant, through counsel, filed a motion requesting that the invalid one-year prior prison term enhancement be struck. The motion also argued that appellant was entitled to a full resentencing hearing and that, at the hearing, the trial court should, among other things, strike appellant's two five-year section 667, subdivision (a)(1) enhancements and dismiss one of appellant's prior "strikes" pursuant to *Romero*, *supra*, 13 Cal.4th 497.

In May 2024, the superior court heard appellant's motion. The court struck the prior prison term enhancement but declined to conduct a full resentencing hearing. The court issued an amended abstract of judgment that contained no prior prison term enhancement but continued to incorrectly reference a conviction on count 5, for possession of a deadly weapon, rather than count 4, for receiving stolen property. This error was not brought to the court's attention by the defense or the prosecution, either before or after the hearing.

Appellant filed a timely notice of appeal from the order denying a resentencing hearing.

## DISCUSSION

## I. Appellant is entitled to a resentencing hearing under section 1172.75.

Appellant contends that the trial court erred in denying a full resentencing hearing under section 1172.75. We agree.

With the enactment of Senate Bill No. 136 (effective Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, the Legislature made the change retroactive,

4

declaring that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

At the time the superior court ruled on the matter at issue in this appeal, there was a split of authority on the question of whether a full resentencing hearing was required when a prior prison term enhancement, rendered invalid by section 1172.75, had been originally imposed and stayed, as opposed to imposed and executed.  (*Rhodius, supra,* ___Cal.5th at p. ___ [2025 Cal. Lexis 3531, [at pp. 7–8].)  *Rhodius* resolved the issue, finding "that section 1172.75(a) is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.' "  (*Rhodius,* [at p. 18].)  *Rhodius* further explained that the legislative history indicated no intent to distinguish between defendants whose enhancements were imposed and executed versus those where they were imposed and stayed.  (*Id.* [at p. 26].)  The Supreme Court concluded that the "retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Id.* [at p. 28].)

The superior court in this matter, in striking the previously stayed one-year prior prison term enhancement, did not conduct a full resentencing under the procedures of section 1172.75.  Subdivision (c) of section 1172.75, provides that, upon determination of an invalid enhancement, the superior court "shall recall the sentence and resentence the defendant."  Subdivision (d), in turn, sets outs procedures for the resentencing, including:  that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would

5

endanger public safety" (§ 1172.75, subd. (d)(1)); that the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2)); that the court "may consider postconviction factors" (*id.*, subd. (d)(3)); that rules relating to imposition of a middle or upper term must be followed (*id.*, subd. (d)(4)); and that counsel shall be appointed (*id.*, subd. (d)(5)).

As the superior court denied a resentencing hearing, these procedures were not complied with in this case. Accordingly, we reverse the superior court's order and remand for the superior court to conduct a full resentencing hearing under section 1172.75.

## II. Upon remand, appellant's abstract of judgment should be corrected.

As noted above, due to a series of errors over the years, appellant's current abstract of judgment shows a conviction on count 5, for possession of a deadly weapon, rather than count 4, for receiving stolen property.

Appellant and respondent agree that the error should be corrected. Because the matter is being remanded for a full resentencing hearing under section 1172.75 in which the superior court will consider a number of factors relating to sentencing, from an efficiency standpoint, the superior court is in the best position to correct the abstract of judgment. Accordingly, following remand, in addition to conducting the resentencing hearing, the superior court shall correct the abstract of judgment as warranted.[4]

---

[4] In his reply brief, appellant argues for the first time that, in correcting the abstract of judgment by eliminating count 5, count 4 should not be reinstated. As this argument has not previously been raised in the superior court (and was not raised here until the reply brief), we decline to address it. Although consideration of the issue may be proper by construing the claim as one brought under a petition

6

**DISPOSITION**

The superior court's order of May 10, 2024, to the extent it denies a full resentencing under Penal Code section 1172.75, is reversed. The order striking the previously imposed and stayed section 667.5, subdivision (b) enhancement is affirmed. Upon remand, the superior court shall resentence appellant under section 1172.75, according to the procedures set forth therein. In addition, the superior must correct the abstract of judgment as appropriate, including by eliminating the previously reversed conviction on count 5 for possession of a deadly weapon. We express no view as to how the superior court should exercise its sentencing discretion.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:


ASHMANN-GERST, J.


RICHARDSON, J.

---

for writ of habeas corpus, "[a] higher court 'has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court.' " (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) "The superior court that rendered the judgment is best equipped to consider the claim in the first instance, to hold an evidentiary hearing when necessary, and to grant relief if appropriate." (*Ibid.*) Appellant may properly raise the issue in the superior court in the first instance.